UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER MILLER,

                              Plaintiff,

          v.

MARGARET GILBERT, et al.,

                              Defendants.

CASE NO. C16-5891 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART AND REMANDING

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 73), Plaintiff
Christopher Miller's ("Miller") objections to the R&R (Dkt. 75), and Defendant Shelli
Hudson's ("Hudson") objections to the R&R (Dkt. 76).

On November 8, 2017, Judge Creatura issued the R&R recommending that the
Court grant Defendants Margaret Gilbert, Daniel Van Ogle, Douglas McCarty, Casey
Wilbur, Star Miller, Victor Martinez, Cory Ellis, Eric Mainio, and Hudson's (collectively
"Defendants") motion for summary judgment in part and deny it in part. Dkt. 73.
Specifically, Judge Creatura recommends granting the motion as to all Defendants except
Hudson because material questions of fact exist on Miller's claim against Hudson for

failure to provide adequate medical care.  *Id.*  The question of fact is whether Hudson deliberately ignored Miller's repeated requests for treatment during the days after an incident involving the forceful removal of handcuffs that were improperly placed on Miller.  *Id.*  On November 17, 2017, Miller filed objections.  Dkt. 75.  On November 22, 2017, Hudson filed objections.  Dkt. 76.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, three main issues exist.  First, Judge Creatura recommends that the Court grant summary judgment to the officer who improperly applied the handcuffs and the officers who forcefully removed the handcuffs from Miller.  Dkt. 73 at 5–7. Although Miller objects to this recommendation, the Court agrees with Judge Creatura that no evidence exists to create a question of fact that either event was a malicious and sadistic attempt to cause harm.  The improper application of the handcuffs was at most a negligent attempt to restore discipline and order after an inmate altercation.  Similarly, the officers' use of the bolt cutters to remove the handcuffs was a reasonable attempt to help Miller and relieve the pain from the over-tightened cuffs.  Therefore, the Court adopts the R&R on this issue and grants Defendants' motion for summary judgment on Miller's Eight Amendment claim for excessive force.

Second, Judge Creatura recommends that the Court deny Defendants' motion for summary judgment on Miller's claim for failure to provide adequate medical care.  Dkt.

73 at 7–10.  Judge Creatura found that a material question of fact exists whether Miller received adequate medical care in administrative segregation for the days that followed the incident.  *Id*. at 9–10.  Miller declares that he sent numerous requests to medical staff for medical attention and that most of the requests went unanswered.  Dkt. 62-1 at 31, ¶ 26.  Judge Creatura concluded that, "[i]f plaintiff's kites notified defendant Hudson that plaintiff was seriously injured and required additional medical treatment, but she chose to ignore him, it could constitute an intentional deprivation of medical care in violation of the Eighth Amendment."  Dkt. 73 at 10 (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  Hudson objects to this conclusion arguing that "[t]here is no evidence in the record that any medical kites were directed to Ms. Hudson or were ignored by her."  Dkt. 76 at 11.  Although the Court agrees with Hudson, the lack of evidence specifically identifying Hudson does not result in resolution of Miller's claim.  In his complaint, Miller alleges that Defendants "Pat Doe" medical practitioners denied him medical treatment while he was placed in segregation.  Dkt. 36 at 10, ¶ 47.  Miller supports this allegation with a declaration and medical reports showing that medical staff may not have checked on him for the first six days he was in segregation.  Dkts. 62-4 at 28, 62-5 at 14.  Further clarity is required to determine whether Pat Doe is an unnamed defendant, which creates procedural problems at this point of the proceeding, or whether Pat Doe is in fact Hudson, which is a reasonable inference taking the evidence in the light most favorable to Miller.  Therefore, the Court declines to adopt the R&R on this issue, and remands for further proceeding to resolve these, as well as other potential issues.

Third, Judge Creatura recommends that the Court dismiss Miller's claims against Defendants Gilbert and Van Ogle because Miller fails to show personal participation in the deprivation of his rights. Dkt. 73 at 10–11. The Court agrees as to Van Ogle, and Miller does not object to this portion of the R&R. Thus, the Court adopts the R&R as to Van Ogle. The Court, however, finds that there is a possibility that Gilbert personally participated. Miller contends and cites evidence to show that Gilbert personally denied Miller's grievances relating to the alleged failure to provide adequate medical care. Dkt. 75 at 4. Thus, to the extent that Gilbert did personally participate in a claim, the Court declines to adopt the R&R on this issue and remands for further proceedings to address this evidence.

Therefore, the Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED in part**;

(2)    The Court **GRANTS** Defendants' motion for summary judgment as to Defendants Van Ogle, McCarty, Wilbur, Miller, Martinez, Ellis, and Mainio;

(3)    The Court **DECLINES** to adopt the R&R in part and remands for further proceedings regarding Miller's claims against Gilbert and Hudson.

Dated this 7th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge