# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CHRISTOPHER MILLER,

        Plaintiff,

v.

MARGARET GILBERT, et al.,

        Defendants.

CASE NO. 3:16-cv-05891-BHS-JRC

ORDER DENYING MOTION TO STRIKE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

    Plaintiff has filed a motion to strike the supplemental declaration of non-party Sara Smith. Dkt. 71. Plaintiff contends that the declaration was not filed in a timely manner and that it improperly relies largely on third-party speculation. *Id*. Defendants reply that the declaration was indeed filed on October 26, 2017, after the October 23, 2017 deadline. Dkt. 72. However, defendants state that this was because the declarant was unavailable before the deadline and

defendants felt it necessary to allow her to directly respond to plaintiff's allegations in his motion for contempt (Dkt. 68). Dkt. 72. They request the Court retroactively extend the deadline. *Id*. Plaintiff filed a reply. Dkt. 74.

When an act must be done within a certain time, the Court may extend that time if a motion is filed before the deadline, or if a motion is filed after the deadline and the party failed to act "because of excusable neglect." Fed. R. Civ. P. 6 (b)(1). In addition, at the summary judgment stage, the Court does not look at the admissibility of the form of evidence, but whether it could be presented in an admissible form. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). Here, plaintiff's motion should be denied. Defendants state that they attempted to contact non-party Smith before the deadline, but were unable. They further argued that her testimony is necessary because plaintiff had accused her of perjury and was asking the Court to hold her in contempt. As defendants note, they filed the declaration three days after the deadline and the late filing does not appear to have prejudiced plaintiff. Therefore, the Court finds that this was excusable neglect and it is appropriate to retroactively extend defendants' deadline.

Further, non-party Smith's testimony is not inappropriate. The Court may consider testimony presented in an inadmissible form if it would be admissible at trial. Plaintiff argues non-party Smith's testimony is speculative, based on a doctor's opinion who never examined plaintiff. Dkt. 71 at 2. However, both her testimony and the doctor's opinion she relies on are based on plaintiff's medical record and x-rays contained in that record. Her testimony is therefore based on admissible evidence and is not speculative. Because of this, the Court accepts non-party Smith's supplemental declaration and will consider it with the rest of the record.

The Court denies plaintiff's motion to strike (Dkt. 71). Defendants' deadline to file their response (Dkt.66) to plaintiff's motion for contempt (Dkt. 59) is retroactively extended to October 26, 2017.

Dated this 11th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge