UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER MILLER,

               Plaintiff,

   v.

MARGARET GILBERT, et al.,

               Defendants.

CASE NO. C16-5891 BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 126, Plaintiff Christopher Miller's ("Miller") objections to the R&R, Dkt. 127, and Defendant Shelli Hudson's ("Hudson") objections to the R&R, Dkt. 128.

On July 20, 2018, Judge Creatura issued the R&R recommending that the Court deny Defendants' motion for summary judgment on Miller's negligence claims against Defendants Hudson, Cory Ellis ("Ellis"), and Casy Wilbur ("Wilbur") and Miller's medical malpractice claim as to Hudson. Dkt. 126 at 2. Judge Creatura recommends that the Court grant the motion on the remainder of Miller's state law claims. *Id.* On July 31, 2018, Miller filed objections. Dkt. 127. On August 6, 2018, Defendants responded and Hudson objected to Judge Creatura's recommendation regarding the medical malpractice claim. Dkt. 128.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.   Defendant Star Miller**

Miller objects to Judge Creatura's recommendation that his negligence claim against Defendant correction officer Star Miller ("Officer Miller") be dismissed. Dkt. 127 at 2–3. Miller argues that he submitted sufficient evidence to establish that Officer Miller used handcuffs that could have been past their useful safe life. *Id.* Judge Creatura, however, not only found that Officer Miller submitted evidence that she properly inspected the handcuffs before she used them, but also concluded that Ellis and Wilbur's negligent action of using bolt cutters to remove the handcuffs broke was an intervening act that broke any chain of causation leading from Officer Miller's alleged negligent act. Dkt. 126 at 7–8. Miller fails to offer any evidence or authority to undermine Judge Creatura's conclusion regarding causation. The Court agrees with Judge Creatura on this issue and therefore adopts the R&R on this claim.

**B.   Battery**

Miller objects to Judge Creatura's recommendation that his battery claims against Ellis and Wilbur be dismissed. Dkt. 127 at 3–4. Miller argues that the facts that support his negligence claim also support his battery claim. *Id.* The Court disagrees. While Miller's assertions that Ellis and Wilbur bent his wrist to such an extent that they fractured the wrist support a violation of their duty to provide for his health and welfare,

these assertions do not support a claim for the application of unreasonable or excessive force. Therefore, the Court adopts the R&R on this issue.

**C.      Appointment of Counsel**

Miller objects to Judge Creatura's repeated denials of his motions for appointment of counsel. This issue, however, is beyond the scope of the R&R. If Miller files another motion, the Court may consider the fact that some of Miller's claims will proceed to trial and the burden of preparing for a federal civil rights trial. The Court maintains a list of attorneys who volunteer for pro bono civil rights cases. Upon request, it may be in the best interest of judicial economy and fundamental fairness to inquire whether an attorney would represent Miller now that he has successfully overcome summary judgment.

**D.      Medical Malpractice**

Hudson objects to Judge Creatura's recommendation that her motion for summary judgment be denied as to Miller's medical malpractice claim. Dkt. 128 at 4–5. Hudson contends that Miller must submit expert medical testimony to establish the medical standard of care element and that "[t]here is no exception to this long established rule in Washington." *Id.* at 4. Hudson is incorrect because, as Judge Creature stated, "[w]hen medical facts are 'observable by [a layperson's] senses and describable without medical training,' a plaintiff can establish the standard of care for a health care provider without expert testimony." *Miller v. Jacoby*, 145 Wn.2d 65, 72 (2001) (quoting *Harris v. Robert C. Groth, M.D., Inc.*, 99 Wn.2d 328, 449 (1983)). Thus, to the extent that Hudson's objection is based solely on Miller's failure to provide expert testimony, Hudson has failed to show any error in the R&R.

The Court notes that Hudson appears to attack causation and whether Miller sustained a fracture during the incident in question. *See* Dkt. 99 at 5–8 (reply to motion for summary judgment). There is some merit to Hudson's arguments, but it violates due process to raise new issues in a reply brief because Hudson only moved for judgment on the issue of Miller's lack of expert testimony. *See* Dkt. 90. Thus, Hudson has failed to show that Judge Creatura committed error by failing to address these new arguments regarding causation and the extent of Miller's injury. The Court also declines to consider these arguments. Hudson, however, may seek leave to file another dispositive motion on this claim to narrow the issues for trial.

Therefore, the Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment, Dkt. 90, is **DENIED** on Miller's negligence claims against Hudson, Ellis, and Wilbur and medical malpractice claim against Hudson and **GRANTED** on the remainder of Miller's state law claims; and

(3) The parties shall meet and confer and then submit a joint status report regarding a schedule for trial

Dated this 18th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge